1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6
7  TERRANCE E. BOLDS,                         Case No. 20-cv-01735-JST
8              Plaintiff,
9         v.                                  **ORDER OF SERVICE**
10  ALAMEDA COUNTY SHERIFF'S
    DEPARTMENT,
11              Defendant.
12
13
14         Plaintiff, a civil detainee housed at Coalinga State Hospital, has filed a *pro se* action

15  pursuant to 42 U.S.C. § 1983, alleging that the Alameda County Sheriff's Department violated his

16  constitutional rights while he was housed in Alameda County Jail from January 2016 to July 2018.

17  His complaint is now before the Court for review under 28 U.S.C. § 1915A.  He has been granted

18  leave to proceed *in forma pauperis* in a separate order.

19                          **DISCUSSION**

20  **A.    Standard of Review**

21         A federal court must conduct a preliminary screening in any case in which a prisoner seeks

22  redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

23  § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

24  that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

25  monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),

26  (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police*

27  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

28         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

United States District Court
Northern District of California

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Complaint**

The complaint makes the following allegations.   From January 2016 to July 26, 2018, plaintiff was housed at Alameda County Jail as a civil detainee pursuant to the Sexually Violent Predator Act, Cal. Welf. & Inst. Code §§ 6600, *et seq.* ("SVPA").  Per Alameda County policy, as set by the Alameda County Sheriff's Department, civil detainees detained pursuant to the SVPA ("SVPs") are housed in Administrative Segregation ("Ad-Seg"), where housing conditions are significantly more restrictive than for other inmates.  Inmates confined in Ad-Seg are only allowed three hours a week in the dayroom, which means an hour a day every other day, and were only allowed to shower during this same time, further restricting the time available for recreation or other privileges.  In addition, while plaintiff was housed in Ad-Seg, there were several times that all the cell doors were left open at once, despite the SVPA's requirement that SVPs be housed separately from other inmates, thereby putting plaintiff's life in danger.  In contrast, inmates not confined in Ad-Seg are allowed to use the dayroom, phone, and showers for six hours per day; allowed to eat in a chow hall; and have access to a vending machine.  During his time at Alameda County Jail, plaintiff requested that he be housed in lower risk areas of the jail where he would

United States District Court
Northern District of California

have more privileges, but he was told that "this is how classification classifies SVPs."  Plaintiff alleges that Alameda County knew that they should have had a separate housing pod for SVPs and that SVPs were entitled to more privileges than what was available in Ad-Seg, but refused to ensure that SVPs had their privileges because the jail did not often house SVP civil detainees.

The Due Process Clause prohibits subjecting civil detainees to conditions that amount to punishment.  *Jones v. Blanas*, 393 F.3d 918, 932 (2004).  Conditions of confinement are presumptively punitive if they are more restrictive than those in which the civil detainee's criminal counterparts are being held.  *Id.*  Liberally construed, plaintiff's allegations state a claim against the Alameda County Sheriff's Department for violation of his substantive due process rights.  *See King v. County of Los Angeles*, 885 F.3d 548, 556-58 (9th Cir. 2018).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.      Liberally construed, the complaint states a cognizable due process claim against defendant Alameda County Sheriff's Department.  The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (ECF No. 1), with all attachments thereto, and a copy of this order upon **defendant Alameda County Sheriff's Department at 1401 Lakeside Drive, 12th Floor, Oakland, CA 94612-4305**.  A courtesy copy of the complaint with attachments and this order shall also be mailed to the Alameda County Counsel, at 1221 Oak Street, Suite 450, Oakland, CA 94612.

2.      In order to expedite the resolution of this case, the Court orders as follows:

a.      No later than 91 days from the date this order is filed, defendant must file and serve a motion for summary judgment or other dispositive motion.  If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due.  A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.

United States District Court
Northern District of California

3

1    2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be

2    served concurrently with motion for summary judgment).[1]

3          b.     Plaintiff's opposition to the summary judgment or other dispositive motion

4    must be filed with the Court and served upon defendant no later than 28 days from the date the

5    motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment

6    provided later in this order as he prepares his opposition to any motion for summary judgment.

7          c.     Defendant shall file a reply brief no later than 14 days after the date the

8    opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No

9    hearing will be held on the motion.

10         3.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the

11   Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must

12   do in order to oppose a motion for summary judgment.  Generally, summary judgment must be

13   granted when there is no genuine issue of material fact – that is, if there is no real dispute about

14   any fact that would affect the result of your case, the party who asked for summary judgment is

15   entitled to judgment as a matter of law, which will end your case.  When a party you are suing

16   makes a motion for summary judgment that is properly supported by declarations (or other sworn

17   testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

18   specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

19   as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and

20   documents and show that there is a genuine issue of material fact for trial.  If you do not submit

21   your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

22   If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v.*

23   *Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does

24

25   _____

26   [1] If defendant asserts that plaintiff failed to exhaust his available administrative remedies as
     required by 42 U.S.C. § 1997e(a), defendant must raise such argument in a motion for summary

27   judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014)
     (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that

28   failure to exhaust available administrative remedies under the Prison Litigation Reform Act,
     should be raised by a defendant as an unenumerated Rule 12(b) motion).

United States District Court
Northern District of California

1  not excuse defendant's obligation to serve said notice again concurrently with a motion for
2  summary judgment.  *Woods*, 684 F.3d at 939).

3      4.      All communications by plaintiff with the Court must be served on defendant's
4  counsel by mailing a true copy of the document to defendant's counsel. The Court may disregard
5  any document which a party files but fails to send a copy of to his opponent. Until defendant's
6  counsel has been designated, plaintiff may mail a true copy of the document directly to defendant,
7  but once defendant is represented by counsel, all documents must be mailed to counsel rather than
8  directly to defendant.

9      5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
10  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required
11  before the parties may conduct discovery.

12      6.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the
13  Court informed of any change of address and must comply with the Court's orders in a timely
14  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
15  to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every
16  pending case every time he is moved to a new facility.

17      7.      Any motion for an extension of time must be filed no later than the deadline sought
18  to be extended and must be accompanied by a showing of good cause.

19      8.      Plaintiff is cautioned that he must include the case name and case number for this
20  case on any document he submits to the Court for consideration in this case.

21      **IT IS SO ORDERED.**

22  Dated:  September 17, 2020

23  _____
24                          JON S. TIGAR
                United States District Judge

25

26

27

28